## TRAMMELL *v.* CITY OF ROME *et al.*

The provision in the charter of Rome authorizing that municipality to prohibit billiard and pool rooms kept for public entertainment, and an ordinance passed by such city making such provision effective, are not void because of any collision with the general tax act imposing a tax on the keeper of billiard and pool tables kept for public use, on the ground that the former is special legislation and violates the constitutional inhibition against the enactment of a special law in a case for which provision has been made by an existing general law.
                    OCTOBER 14, 1914.

Petition for injunction. Before Judge Wright. Floyd superior court. June 16, 1914.

*Eubanks & Mebane,* for plaintiff.

*Max Meyerhardt,* for defendants.

EVANS, P. J. The act of the General Assembly creating a new charter for the City of Rome (Acts 1909, p. 1255) conferred on that municipality full power and authority by ordinance to license, tax, regulate, and prohibit all billiard rooms and pool rooms kept for public entertainment. That municipality passed an ordinance "that no pool room or billiard room be permitted to operate in the City of Rome, and no license be granted for the operation of any pool or billiard room in said city." At the time of the charter amendment and the passage of the ordinance the general tax act in force imposed an occupation tax upon every keeper, owner, or lessee of any pool or billiard table kept for public use. Civil Code (1910), § 928. The plaintiff in error contends that so much of the charter provision as undertakes to confer upon the municipality the power to prohibit the keeping of billiard and pool rooms for public use, and the ordinance to make effective such provision, are void, because the same constitute a local or special law, and that the general tax act is a general law, and, inasmuch as both cover the same subject-matter, the former is void as falling within the constitutional inhibition of special legislation in any case for which provision has been made by an existing general law. Other attacks are made upon the validity of the ordinance in the petition; but as such are not noticed in the brief of the plaintiff in error, they will be considered as abandoned.

There is a wide difference between the scope and purpose of a purely revenue measure, enacted for the support of the general government, and a police measure designed for the regulation of the internal affairs of a subordinate political division. The object of laying a tax on the keeper of a billiard or pool table for public use was to aid in raising revenue. It was not the object of the general tax act to give to every person who paid the tax the right to maintain and operate for public use billiard and pool tables. The act simply imposed a tax upon those who kept such tables for public use. It was not designed as an exemption from the State's police power, so as to prevent the State from expressly permitting a municipality to exclude the carrying on of the business of operating billiard or pool

tables within the limits of that municipality. The substance of this provision of the tax act is that wherever the business of keeping billiard and pool tables is lawfully carried on, the keeper thereof will be subject to the tax.

A case decided by the Supreme Court of Appeals of Virginia, before the late war between the States, clearly illustrates the difference between an exercise of the taxing power for revenue purposes and an exercise of the police power for the regulation or prohibition of a business coming within its sphere. It was there held that a statute requiring a license to keep a cook shop and laying a tax upon it did not conflict with and avoid an ordinance of the City of Richmond, passed in pursuance of its charter, prohibiting and restricting the keeping of cook shops by free negroes within the city. Mayo *v.* James, 12 Grat. 17. In Alabama it was held that the code provision which authorized municipalities to prohibit the keeping of pool tables for hire did not violate the constitutional provision inhibiting the legislature from authorizing any municipal regulation inconsistent with the general laws of the State, though a general law of the State authorized the licensing of pool tables. Ex parte Rowe, 4 Ala. App. 254 (59 So. 69). See also Elsner *v.* Hawkins, 113 Va. 47 (73 S. E. 479, 29 Ann. Cas. (1913D) 1278).

Plaintiff in error rests his case largely upon the authority of *Miller* v. *Shropshire,* 124 *Ga.* 829 (53 S. E. 335, 4 Ann. Cas. 574). The point for decision in that case was whether dealing in cotton futures was to be classified as a gaming contract within the purview of section 3671 of the Code of 1895, which allowed a recovery by the loser against the winner of money paid on a gaming consideration. The court decided, that, inasmuch as the General Assembly had recognized the business of dealing in futures as legitimate by reason of the imposition of an occupation tax thereon, it could not be included in the category of gaming made criminal by the statute. We do not think the principle of this case should be so extended as to support the doctrine that if the legislature imposes a tax upon an occupation subject to regulation or prohibition under the police power, it can not thereafter authorize a particular municipality to prohibit the carrying on of such occupation. Two of the Justices did not participate in the decision, and we decline to give to it the effect of demanding a conclusion antagonistic to that which we have reached in this case.

We therefore hold, that the provision of the charter of the City of Rome, authorizing the general council to prohibit by ordinance the keeping of billiard or pool tables for the public within that municipality, and the ordinance making such prohibition, are not void on the ground of special legislation in a case provided for in existing general law. The general law imposes an occupation or business tax. It is accordingly unnecessary to decide whether or not the ruling would be different if the general law of the State required a police license and the charter of the municipality also provided that it might require a police license or prohibit the keeping of pool and billiard tables for public use.

*Judgment affirmed. All the Justices concur.*